| | | |
|---|---|---|
| VIOLETA FAUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 7640 |
| | ) | Paul E. Plunkett, Senior Judge |
| | ) | |
| SIRIUS INTERNATIONAL | ) | |
| INSURANCE CORPORATION, AKESO | ) | |
| CARE MANAGEMENT, INC; f/k/a | ) | |
| International Claim Managers, Inc, and | ) | |
| INTERNATIONAL MEDICAL GROUP | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Violeta Faur ("Plaintiff") has filed a two-count complaint against Sirius International Corporation ("Sirius"), Akeso Care Management, Inc., f/k/a International Claim Managers, Inc. ("Akeso"), and International Medical Group ("IMG"), or collectively ("Defendants"), alleging breach of contract and violation of Illinois Insurance Code. Defendants have moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. Rule 12(b)(2), 12(b)(3), and 12(b)(6) on the basis of improper jurisdiction, improper venue and failure to state a claim. Defendants alternatively request this Court transfer the matter because of improper venue under 28 U.S.C. § 1406(a). For the following reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6) is denied. Defendants' motion to dismiss pursuant to Rule 12(b)(3) is denied. Defendant's motion to transfer pursuant to Rule 12(b)(3) is granted.

## Facts

We accept, as we must, Plaintiff's alleged facts. Faur resides in Palatine, Illinois. Sirius's principal place of business is in Stockholm, Sweden, and Akeso and IMG's principal place of business is in Indianapolis, Indiana. The amount in controversy is over $180,000. Faur purchased a Health Insurance Global Medical Insurance Policy ("Policy") from Sirius, which became and remains effective as of March 30, 2001. (Pl.'s Compl. ¶8.) The Policy contains a forum selection clause that gives Marion County, Indiana exclusive jurisdiction for any court action relating to the Policy. (*Id.* at Ex. A.) On or about April 15, 2003, Faur was first diagnosed with leukemia and has since incurred charges for treatment totaling more that $180,000. (*Id.* at ¶¶11-13.) Under the Policy, Sirius must pay medical claims for the treatment of Faur's leukemia, but Sirius, through its agents Akeso and IMG, has denied all of Faur's leukemia claims, and she alleges this has breached the Policy. (*Id.* at ¶¶15-17.) Although Faur claims she has fulfilled her contractual obligations, she contends that Defendants have not and have caused Faur's damages. (*Id.* at ¶¶ 18,19.) She also asserts that, in violation of the Illinois Insurance Code, Defendants have unreasonably and vexatiously denied Faur's claims for benefits under the Policy and should therefore be responsible for $60,000 in attorney's fees. (*Id.* at ¶¶ 21, 27.)

## Legal Standard

Under each rule that Defendants argue for dismissal, the Court will accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## Discussion

Defendants argue dismissal based on several different theories. We will address each in turn.

Defendants begin by stating that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(2) for lack of jurisdiction. On a Rule 12(b)(2) motion to dismiss, a plaintiff must make a *prima facie* showing that jurisdiction over the defendant is proper. *Nelson ex rel. Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Federal courts have diversity jurisdiction when the matter in controversy exceeds $75,000 and "is between citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332 (a)(3). A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if the forum state court would have jurisdiction over him. *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1999). The Illinois long-arm statute permits Illinois courts to exercise personal jurisdiction over defendants who, among other things, engage in the transaction of business within the state; contract to insure any person, property or risk located within this State; and "on any other basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(a)(1), (a)(4), (c). In a case where personal jurisdiction is satisfied by the defendant's contacts with the forum state, the exercise of jurisdiction is constitutionally permissible if the defendant has "purposely avail[ed] itself of the privilege of conducting activities" in the forum state such that it "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (internal quotation marks and citation omitted).

Here, Plaintiff is a citizen of Illinois and Defendants are citizens of Indiana and Sweden. The amount in controversy exceeds $180,000. Thus, diversity jurisdiction in this Court is established under 28 U.S.C.§1332(a)(1). Furthermore, pursuant to the Illinois long arm statute, Plaintiff alleges

Defendants' medical insurance contracts with Illinois residents establish the requisite conduct to invoke personal jurisdiction. Moreover, as alleged, Defendants regularly conduct business in Illinois and have therefore availed themselves to the benefits and protections of Illinois law. At this stage of the proceedings we must credit Plaintiff's version of the facts and, given those facts, determine whether defendant has sufficient contacts with Illinois to make it a proper venue for this suit. Taken as true, Plaintiff's allegations that Defendants have availed themselves of Illinois law by engaging in business and entering into insurance contracts with Illinois citizens prevent a dismissal based on lack of personal jurisdiction. Plaintiff has made a *prima facie* showing that jurisdiction is proper; thus, Defendants' 12(b)(2) motion is denied.

Next, Defendants argue that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6). In such a motion, no claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). It is a minority view that Rule 12(b)(6) is the proper motion when considering the dismissal of a claim because of a forum selection clause. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995)(referring to *Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993)). More often, forum selection clauses are treated with a Rule 12(b)(3) motion to dismiss. *Id.* Nevertheless, we will examine the claim under Rule 12(b)(6).

Here, Defendant states that because Plaintiff expressly agreed to litigate all disputes in Indiana, she cannot state a claim upon which relief may be granted. (Def's Mot. to Dismiss at 4.) Plaintiff's claim is for breach of contract and in Illinois to state such a claim, a plaintiff must allege: (1) the existence of a contract between the plaintiff and the defendant; (2) plaintiff's full performance of his duties under the contract; (3) defendant's breach, and (4) plaintiff's damages as a result of the

breach. *Elson v. State Farm Fire & Cas. Co.*, 295 Ill. App. 3d 1, 6 (1998)(citing *Nielsen v. United Servs. Auto. Ass'n*, 244 Ill. App. 3d 658, 662 (1993)). A plaintiff must allege facts sufficient to show that the contract terms have been breached. *Id.* It is important to note that "the general principles governing the interpretation of insurance contracts do not differ from those controlling in other contracts." *Id.*

Here, Faur does allege facts upon which there is a viable complaint. She sufficiently alleges that there was a valid medical insurance contract, that she performed her duties under the contract by paying the scheduled premiums, that Defendants breached the contract by denying her medical claims, and that there were damages in the form of medical bills. Taken in a light most favorable to Plaintiff, Faur has established that relief may be granted. Therefore, Defendants' Rule 12(b)(6) motion to dismiss is also denied.

In this 12(b)(6) argument, Defendants further state that Plaintiff has waived subject matter jurisdiction and has not met the venue requirements to be in this Court, and accordingly Rule 12(b)(6) compels dismissal. (Def's Mot. to Dismiss at 7.) The venue discussion will be addressed in the Rule 12(b)(3) context below. However, Defendants should be reminded that subject matter jurisdiction may *not* be waived. A defendant may waive venue or personal jurisdiction, but subject matter jurisdiction is not waivable. *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004). Therefore, Defendants' contention that these two factors compel a Rule 12(b)(6) dismissal is also rejected.

Defendants' final argument to dismiss the complaint pursuant to a Rule 12(b)(3) motion to dismiss, or in the alternative to transfer, for lack of proper venue under 28 U.S.C. § 1406(a) requires a more lengthy discussion. Defendants argue dismissal because the forum selection clause in the contract must supersede any other statutory venue. Section 1406 provides: "The district court of

a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To overcome a § 1406 dismissal, proper venue must be established. In a diversity case, venue is appropriate in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Here, we have already established that this is a diversity case, so we must apply § 1391(a). As discussed, Defendants are not all residents of the same state. However, a corporation is deemed to reside in any state that can exercise personal jurisdiction over it. 28 U.S.C. § 1391(c). Illinois may exercise such personal jurisdiction over Defendants. Therefore, they will be considered Illinois residents and venue is proper in this district. 28 U.S.C. § 1391(a)(1).

Venue is also proper in this district because "a substantial part of the events or omissions giving rise to the claim" occurred in Illinois. 28 U.S.C. § 1391(a)(2). Plaintiff alleges that Defendants' insurance contracts establish the requisite contact for personal jurisdiction. Plaintiff also states that the events and transactions giving rise to this case occurred in Illinois, such as the diagnosis, treatment, and medical claims. Defendants argue that the chosen forum is Indiana and therefore all controversies should be resolved there. However, the issue of which venue has the most substantial contacts is not dispositive. *Pasulka v. Sykes*, 131 F. Supp.2d 988, 994 (N.D. Ill. 2001). As long as the contacts in Plaintiff's chosen district are substantial, "venue is proper notwithstanding

the possibility that [Defendant's] activities may have been more substantial somewhere else."

*Walron Films, L.L.C. v. Cinequanon Pictures Int'l*, 1997 U.S. Dist. LEXIS 20004, *2 No.97 C 3280

(Dec. 12, 1997). Therefore, as 28 U.S.C. § 1391 tells us, because Defendants can be considered

Illinois residents and also because a substantial part of the events giving rise to the claim occurred

in Illinois, this matter may be brought in any judicial district in Illinois. 28 U.S.C. § 1391(a)(1), (2).

Accordingly, Defendants' lack of venue argument under 28 U.S.C. § 1406(a) is not persuasive and

is rejected. However, Defendants' motion to dismiss for improper venue under 12(b)(3) requires one

additional analysis.

Even though in the above discussion we have found that Plaintiff has adequately established

a viable claim and that both jurisdiction and venue appear to be proper in Illinois, what remains to

be determined is the import and effect of the forum selection clause in the Policy and whether under

§ 1406 we may transfer this matter to Indiana.

As Defendants note, it is proper for this Court to analyze a forum selection clause venue

challenge under Rule 12(b)(3). *Continental Ins. Co. v. M/V ORSULA*, 354 F. 3d 603, 607-608 (7th

Cir. 2003). However, Plaintiff contends that the proper analysis is under 28 U.S.C. § 1404(a), where

the transferability of a complaint is assessed. Plaintiff argues that Illinois has primary jurisdiction

and that in essence Defendants are trying to transfer the matter to Indiana. Plaintiff contends that

§ 1404(a) directs us to consider the convenience of both the parties and witnesses, as well as the

interests of justice to determine the enforceability of a forum selection clause. Plaintiff contends that

such a transfer should not be granted because the factors in § 1404(a) have not been established.

Plaintiff relies on *Stewart*, which states that a forum selection clause in a diversity case is governed

by federal law and is not always enforced because it should be considered as just one factor in

determining which forum is most appropriate. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32

(1988). However, in *Stewart* the United States Supreme Court upheld the *Bremen* decision that

forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown

by the resisting party to be unreasonable under the circumstances. *Id.* They did analyze the clause

in the § 1404(a) context there, but that was because the motion was initiated under § 1404(a). When

the challenge is brought under other rules, especially when jurisdiction and venue are established,

the courts are not necessarily required to apply the § 1404(a) analysis. *Id., see also Heller Fin., Inc.*

*v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989).

When the plaintiff chooses a different, but otherwise proper, forum then we must determine

whether a district court will enforce that forum selection clause. Moore's Federal Practice § 110.01,

4(b) (3d. ed. 1995). The answer hinges on the context in which the issue was raised. *Id.* If the issue

was raised as a motion to transfer, the analysis must include the §1404(a) factors of convenience.

A § 1404(a) analysis is not appropriate, however, where a moving party seeks not to transfer a case,

but rather seeks to have an action dismissed on the basis of a forum selection. *Jones v. Weibrecht*,

901 F.2d 17, 19 (2nd Cir. 1990). *Id.* If the issue is raised in a different context, such as a motion

to dismiss, it becomes a matter of contract law and the forum law will apply. Moore's Federal

Practice § 110.01, 4(b) (3d. ed. 1995). If the state law generally upholds such agreements, as Illinois

does, the action should be dismissed. *Id.* Because the motion in the instant case was a Rule 12(b)(3)

motion to dismiss and not a motion to transfer pursuant to 28 U.S.C. §1404(a), we find that here the

12(b)(3) analysis is the better approach. Therefore, even though Plaintiff's arguments are based on

a § 1404(a) analysis, albeit indirectly, we apply Plaintiff's argument to the 12(b)(3) analysis.

When a defendant challenges venue under Rule 12(b)(3), it is the plaintiff's burden to establish that venue is proper. *First Health Group, Corp. v. Sanderson Farms, Inc.*, 2000 U.S. Dist. LEXIS 965, *2, No. 99 C 2926 (N.D. Ill Jan, 28, 2000). In a venue analysis, a court may examine facts outside the complaint in order to determine whether venue is proper. *Id.*

The parties have agreed, through a forum selection clause, that contractual disputes will be resolved in Marion County, Indiana. Often times in the commercial context, companies determine in advance that all controversies should be brought within a particular jurisdiction. *Heller*, 883 F.2d at 1291-92. In such a case, a forum selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Bonny v. The Soc'y of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Courts have narrowly construed an exception to this and will consider forum selection clauses as "unreasonable under the circumstances" only if: (1) they were agreed to as a result of fraud, undue influence or unequal bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" as to deprive the complaining party of "its day in court;" or (3) enforcement of the clause would "contravene a strong public policy of the forum in which the suit is brought." *Id.* at 160 (internal citation omitted). In order to succeed on its motion to dismiss under Rule 12(b)(3), Faur must demonstrate one of the three factors set forth in *Bonny. See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 526 (7th Cir. 2001).

First, Faur contends that the forum selection clause was a result of unequal bargaining power. When enforcing a forum selection clause freely entered into by sophisticated parties with equal bargaining power, the inquiry is limited to whether the objecting party would be deprived of his day in court. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996)

(noting differences in evaluating motion for change of venue and enforcement of forum selection clause). Also, basic contract law confers upon the parties a duty to read the contract and "I did not read what I was signing" will not be considered a valid defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1291-92 (1989) (referring to *Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertriebsgesellschaft*, 618 F. Supp. 344, 347 (N.D. Ill. 1985)). Furthermore, acceptable terms to a contract may be "as inconspicuous as the forum-selection clause on the back of the cruise ship ticket." *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 1453 (1996) (referring to *Carnival Lines*, 681 F. Supp. 470, 478 (N.D. Ill. 1987). As in other clauses upheld by the Seventh Circuit, we must look to the placement and conspicuousness of the clause to determine whether it is enforceable. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 373 (7th Cir. 1990).

Plaintiff alleges that without her knowledge, consent, or negotiation, Defendants slipped the clause into the contract and that as a result there was unequal bargaining power between Plaintiff, a small consumer and Defendant, a large multi national insurance company. Beyond these statements there are no allegations that Faur was prevented from reading the document before signing or that she was strong armed by a more adept and competent opponent. Plaintiff signed the contract which contained paragraph six that explained the forum selection clause. The print in that paragraph was the same size as the print in the rest of the contract and the paragraph itself was not inconspicuous. The document was not later amended to allow an opportunity for Defendant to slip in the clause. Nor were the words hidden or in small more inconspicuous type as the rest of the contract. Because the clause was of the same size and type print as the remainder of the contract and it was presented in the first two pages of a twenty-one page document, it is not inconspicuous and cannot be considered a product of fraud or unequal bargaining power.

Second, Plaintiff contends that resolving this in Indiana will be so inconvenient as to deprive her of her day in court as guaranteed by the constitution. Enforcement of forum selection clauses in international contracts is strongly favored. *See Bonny*, 3 F.3d at 159-60. Furthermore, the burden of litigating in the chosen forum is foreseeable at the time the parties entered into the contract. *See AAR Int'l, Inc.*, 250 F.3d at 526 (inconvenience of being forced to litigate in particular forum pursuant to forum selection clause was foreseeable at time contract freely entered into). Additional expense alone is insufficient to show that a particular venue is not proper. *See Paper Express Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 758 (7th Cir. 1992) (rejecting argument that forum selection clause requiring litigation in Germany is unreasonable even though witnesses and physical evidence located in Illinois). Nor does the fact that witnesses may be located outside the jurisdiction of the chosen forum mean that a party will be deprived of its day in court. *Id.* at 758; *Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertrielbsgesellschaft MBH*, 618 F. Supp. 344, 348-49 (N.D. Ill. 1985). Furthermore, mere inconvenience will not render the forum clause unenforceable. *Calanca v. D & S Mfg. Co.*, 157 Ill. App. 3d 85, (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16, 17-18 (1972)); *See also Promatek Med. Sys., Inc. v. Ergometrics, Inc.*, 1990 U.S. Dist. LEXIS 2068, *4, No. 89C 691 (N.D. Ill. Feb. 15, 1990) (stating that the effect of a transfer cannot be a mere shift of inconveniences from one party to the other.) Finally, where a plaintiff fails to argue that litigating elsewhere would cause him to suffer extreme physical and financial hardship the court may enforce a forum selection clause. *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir.1993) (noting that requiring an American plaintiff to travel to England to litigate per a forum-selection clause was not unreasonable.)

This dispute involves medical claims that were incurred and submitted from Illinois residents and companies. Faur states "the expense of litigating in the Southern District of Indiana would be a great burden to her." (Pl.'s Compl. at 8.) In addition, most of the witnesses and documents, as well as the individuals who could authenticate them, are located in Illinois, and she could not bear the financial burden of bringing witnesses and experts to Indiana. However, Plaintiff has not established that she would not be able to take depositions of her witnesses in Illinois in order to avoid costs of transporting them to Indiana. Furthermore, Indiana and Illinois are bordering states and travel between the two is likely not so burdensome as to be absolutely prohibitive. Plaintiff argues expense and inconvenience, but as the Seventh Circuit tells us, these two factors do not necessarily mean that a forum selection clause is unreasonable or that a party will be deprived her day in court. Plaintiff has not established the requisite financial or physical hardship to displace a forum selection clause.

Third, Plaintiff avers that there is strong public interest in resolving controversies in the locations where they arise. Because the medical claims have arisen in Illinois, Plaintiff suggests that there is a public policy to resolve the issues in Illinois. In weighing this, we must recognize that public policy would also encourage the matter to be resolved in Indiana because Indiana wishes to protect it citizens and the contracts that were formed in its own state. These competing policy arguments have merit, but are not independently strong enough to be decisive in determining whether the forum selection clause was reasonable. Plaintiff's argument, taken as a whole, does not sufficiently overcome the heavy burden that is required to disregard a forum selection clause.

We sympathize with Plaintiff's health crisis and financial status. However, Plaintiff has waived her right to challenge Marion County, Indiana as a proper forum, and it will not be disturbed

because of her unfortunate inconvenience. *Northwestern*, 916 F.2d at 378. Thus, although it is burdensome for Plaintiff to appear in Indiana, she has not established that litigating this case there would be "so gravely difficult and inconvenient that, for practical purposes, she will be deprived of her day in court." *Quist*, 1999 WL 982953, at *3. We find that Plaintiff has failed to sufficiently allege that Indiana is an unreasonable and improper forum.

As stated, 28 U.S.C. § 1406 permits a district court either to dismiss a case brought in an improper district or, "if it be in the interest of justice," to transfer such a case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). Transferring a case to the appropriate district is in the interest of justice when there is another proper forum and when dismissal would produce delays and increase expenses. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059 (N.D. Ill. 2002). Dismissing this case would only create unnecessary delays and expenses, and Faur should be allowed to present her claim to the court in which she agreed. A transfer will best serve both the involved parties, as well as judicial economy. Therefore, rather than dismiss the case, we will transfer it to Marion County, Indiana under 28 U.S.C. § 1406(a). The Court will transfer this case, but in light of Plaintiff's medical condition and because Defendants have agreed to such, all depositions of Plaintiff and other Chicago area residents will be taken in the Chicago area to avoid burdensome travel and cost to Plaintiff.

## Conclusion

Based on the foregoing, Defendants' motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6) is denied. Defendants' Rule 12(b)(3) motion to dismiss is denied, but in the alternative to transfer is granted. This case is transferred to the United States District Court, Southern District of Indiana, Indianapolis Division.

**ENTER:**

UNITED STATES DISTRICT JUDGE

**DATED:** ___APR 2 5 2005___